May it please the Court, Heather Angove, on behalf of Petitioner Carlos Mejia-Quintanilla, I would like to reserve two minutes for rebuttal. We are asking this Court to reverse and remand for resentencing because the District Court never applied the appropriate and relevant inquiry under Section 924C. Rather, the District Court only applied an analysis of Section 924J and Section 1959, and it ignored the relevant analysis of 924C, the alleged crime of violence in this case, which was Count 3, racketeering murder under Section 1959A1 based on an underlying predicate of California Penal Code Section 187. We are asking this Court to find that based on the allegations in the superseding indictment in this case, that racketeering murder under Section 1959 based on California Penal Code Section 187 cannot be a crime of violence in this case. We are not asking this Court to find broadly that under any circumstance, the car or racketeering murder cannot be a crime of violence. What's most helpful to start with this case is to look at the four applicable statutes. I will start with Section 924J. Section 924J, Count 5 in this case, requires that the defendant caused the death of another person in the commission of a violation of Section 924C, that that death was caused through the use of a firearm, and that killing qualifies as a murder under Section 18 USC Section 1111. If all you needed for a Section 924J conviction was murder with the use of a firearm and a firearm, as the federal government argues, and which is what the District Court applied, you would be missing one of the three elements, Section 924C, the first element of a 924J conviction. The second statute we have to look at next is what was the crime of violence alleged in this case? It was Count 3, Section 1959A1, which is the car or racketeering murder. The VACAR statutes allow the federal government to charge a violation of certain violent felonies based on an offense under state law or under federal law. And in this case, the government chose the underlying predicate as California murder under Penal Code Section 187, 188, 189, and Section 31. That brings us to our next statute, which is Section 1111. Section 1111 is not applicable here because it is one element of a 924J offense, but it is not relevant to the inquiry under Section 924C, which is the crime of violence that was alleged in Count 3 of the superseding indictment, which is at ER 28. Can I interrupt you for a moment and get back to 187? You raised three arguments why 187 doesn't qualify as a crime of violence, and I'd like to focus you first on the question whether it doesn't have the appropriate mens rea because it says that murder can be committed with malice aforethought and defines malice as a deliberate intention to unlawfully take away the life or a killing with an abandoned and malignant heart. Now, there's currently pending before the Supreme Court a case board which is looking at whether a crime of violence could include the mens rea of recklessness. How will that affect our analysis of malice aforethought in 187 in your view? I think if this court's analysis here focuses on mens rea and the intent that Borden and currently the Begay case could impact this court's decision. This case, the mens rea here under Section 187, as your Honor said, can be applied with express or implied malice, therefore recklessly is one of the mens rea and it is overbroad. So if this court relies exclusively on mens rea, then I would agree that those cases may impact the court's decision here. All right, you raised two other reasons why 187 is a crime of violence. Can you go through those for us here? Yes, and actually I was just about to get to this fourth statute which is Section 187. So Section 187 can be applied over broadly, not only because of mens rea, it can be applied recklessly based on people versus thought and based on California Penal Code Section 188, but it also has a very broad actus reus. The actus reus in California recognizes murder by an act or murder by omission. And we've cited several cases in our reply brief at page 19 that discuss murder by omission or a failure to act. So opposing counsel says that Castleman forecloses this argument because it says that physical force is simply force exerted by concrete bodies and can include poisoning and infection and the like. Well, what's your response to that? Your Honor, we would assert that Castleman is inapplicable to the argument based on murder by omission because we're not alleging that there's any level of force through murder of omission. We're alleging that there's a failure to affirmatively act when there's a duty. So based on the actus reus argument we are making under Section 187, Castleman would be inapplicable because we're not alleging any force at all. So I think the opposing counsel, if I recall, is saying that to the extent you're saying it's starving someone to death, that fails under Duenas-Alvarez. And although there's this case, Dixie, I think the government says Dixie was just giving an example and didn't really, there was no prosecution based on starving someone to death. Yes. And in our reply brief, we have alleged that there is a realistic probability. If you look at the three cases we cited in our reply brief at page 19, people versus Burden, people versus Rowland, and people versus Latham, that these are mostly parental neglect cases or failure to protect for a child assault case. So these are omissions to act and there is a realistic probability that California does apply this statute broadly in terms of the actus reus required. And then you also make an argument about the killing of fetus and the government argues Gomez-Fernandez eliminates that argument. Do you have a response to that? I do. Our opening brief was filed before Gomez-Fernandez came out. So the Gomez-Fernandez case is controlling regarding the divisibility of the victim, but it's not controlling based on divisibility as to mens rea or actus reus. And that's because juror unanimity in California is not required for the underlying theory of first or second degree murder or the underlying intent or act related to first or second degree murder and related the underlying act specifically related to felony murder or to provocative act murder. I see that I am counting down on my time. Unless the court has further questions right now, I would reserve the rest of my time for rebuttal. Very well. Thank you. Thank you. Mr. Yellovich. Good morning and may it please the court. Matthew Yellovich on behalf of the United States. This court should dismiss this appeal as procedurally defaulted and waived and if reaching the merits should affirm. The defendant shot and killed his victim. He then pleaded guilty to section 924 J1, which required as elements of his offensive conviction that he committed a murder as defined in section 1111 and that he did so by firearm. The modified categorical approach establishes that his violation of section 1111 met the elements of premeditated first degree murder, which is, of course, a crime of violence. Starting with procedural default for decades, the Supreme Court has reiterated that a defendant cannot use a habeas petition to do the work of a direct appeal. In this case, it's undisputed that this defendant did not raise his current claim in his original case or on direct appeal. And so ordinarily he would have to show either cause and prejudice or actual innocence in order to proceed on this claim. But in his opening brief in this court, he doesn't allege either ground, doesn't establish cause and prejudice, and doesn't establish actual innocence. Isn't the underlying claim that he's actually innocent of count five because the government failed to show one of the prongs be in the course of a violation of a section 924 C offense? He articulates that in the reply brief, Your Honor, that his actual innocence exceeds the procedural default because he's actually innocent of that element. Although I would note that under Boosley v. United States, the Supreme Court has specifically held that in the context of a guilty plea, the defendant must also extend his actual innocence claim to all of those more serious charges that the government forwent as a part of plea bargaining. And in this case, the government dismissed count three, which is a vicar murder count with a mandatory life sentence or the possibility of a capital sentence. And the defendant in none of his briefing in this court, in the opening brief or in the reply brief, makes any claim of actual innocence on that count. And as a result, under Boosley, which is binding, the defendant has procedurally defaulted on his claim. I'd touch briefly on the plea agreement waiver, which is just to say that the defendant entered into a binding plea agreement. It has a waiver of collateral attack and appeal rights, and the defendant makes no mention of why that waiver would not apply to his case in his opening brief. And under United States v. Lowe, which is cited in the government's brief, this court has previously enforced a plea agreement waiver where a defendant waits until the reply brief to attack the waiver's validity or applicability to his case. And the same is true here. If there are no questions on procedural default or the waiver, I will turn to the merits. This defendant was convicted under Section 924J1, which has two additional elements in addition to the 924C element. And those two additional elements mean that his murder qualifies as murder as defined in Section 1111 of Title 18, and that his murder was committed by firearm. And that's as a categorical matter, not examining the facts of his particular offense. And so looking to Section 1111, that statute is divisible because it penalizes both first and second degree murder, which are different offenses. Well, let me bring you back to the first prong, because they're not alleging that it was not the killing as a murder as defined in Section 1111. They're alleging that it wasn't, the offense wasn't in the course of a violation of Section 924C. And Section 924C, as is played out here, doesn't reference 1111. It's a crime of violence, a person during and in relation to a crime of violence, and the crime of violence here was identified as Section 187. So it was really the problem for me is what we do with Section 187 and whether that's a crime of violence for 924C purposes. I understand that, Your Honor, and let me respond with two quick points. One is that the defendant has to show a reasonable probability of overbreadth, and the additional elements in 924J1 make that showing more difficult for him, because we know that no matter what the outer bounds of the California Penal Code or of Section 1959, we know as a categorical matter that his predicate offense fits within the definition of Section 1111, because it's the same murder. The murder that's alleged in Count 3 is the same murder, which is the predicate for the 924C element and the 924J1 crime of conviction. And so that murder has to fit within the definition of Section 1111, because it's a single event that, again, no matter what the outer bounds of the California Penal Code or vicar murder, we know it meets that definition. And the second point I would make is the element as the use of a firearm defeats any realistic probability that this individual's predicate offense was done by omission or starvation or poison or any of the other means that the defendant argues in his opening brief, because we know as a categorical matter that the murder that he committed, the single murder that's at issue here, was done by firearm. Well, I don't know that the Supreme Court lets us look at those factors. I mean, the Supreme Court has been pretty strict in saying you just look at the statute as a categorical matter. You don't look at the actual facts or incidents of that particular case. I agree, Your Honor. And the government's not asking this court to look to the underlying particular violence that this defendant engaged in in committing his gang murder. I'm asking that the court look to the elements of his offense of conviction and the elements of his offense of conviction preclude any reasonable probability that his predicate offense was committed by starvation or poison. And the second point I would make is that under Castleman, which this court adopted in Studhorse for analyzing crimes of violence under 924C, the arguments he's making about poison and other ways of indirectly killing an individual not being a violent felony are just simply precluded by that case law. There's no way to argue that poison is not a crime of violence after Studhorse and Castleman. Well, so opposing counsel says this is an act of omission and cites parental neglect cases, which opposing counsel says do not involve physical force. So two responses to that, Your Honor. The first is that, again, as a categorical matter under Section 924J1, we know that his murder, regardless of the particular facts of it, just as an element, that it involved use of a firearm, that he had to have committed the murder by firearm in order to be convicted of this offense. And so categorically, we know that this could not have been—there is no reasonable probability that this was a parental neglect murder. And then the second point I would make is that he failed to articulate any of those state examples in his opening brief. And so while in reply, he comes back with some citations, the burden is on him to show a reasonable probability in that opening brief, otherwise he waives it, that the state will apply this statute in an overbroad manner compared to a crime of violence. And if there are no further questions on the merits, the government would ask that this court affirm or dismiss as procedurally defaulted or waived, and not become the first court to ever hold that vicar murder or premeditated first-degree murder are not crimes of violence. Thank you, counsel. We hear a rebuttal. Thank you, Your Honor. Just a couple brief points. As to the procedural issues, the government does not dispute that if the sentence is illegal, that under this court's decisions in Torres and Mobley, that the collateral attack waiver is not enforceable. Mr. Mejia has shown cause and prejudice based on the three Reed factors. And I would point the court to the cases of Cross and Snyder in the Seventh and the Tenth amounted to cause and prejudice based on all three Reed factors. What's unique about this case is that the Section 187 murder was never alleged as an intentional first-degree murder. And I cited a case from the District of Idaho that alleged a 924J violation that said, the defendant with malice of forethought did unlawfully kill DG by shooting him with a of 924J. That is nowhere in the superseding indictment here. We just have allegations of first and second-degree murder. And applying this court's precedent and Supreme Court precedent, but this court's cases in Marcia Acosta and in Maureen Lorena, any ambiguity in the record must be construed in Mr. Mejia's favor. And we are not asking this court to find that in any other circumstance besides the unique allegations in the superseding indictment that were vague, that the car murder could be a crime of violence in those cases. But based on the unique facts here, it is not a crime of violence under Section 187 because the government made a charging decision. And we ask that you reverse and remand with instructions for resentencing. Thank you. Thank you. Thank you, counsel. Thank you both for your arguments this morning. The case just heard will be submitted for decision. And we'll proceed to the next case on the oral argument calendar, which is Lopez versus Attorney General for the State of Nevada.
judges: Thomas, Ikuta, Nguyen